■ BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF LOCKPORT, Appellant, v COUNTY OF NIAGARA et al., Respondents. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this declaratory judgment action, plaintiff Board of Education of the City School District of the City of Lockport, which has had its civil service needs administered by the Lockport Municipal Civil Service Commission at an increasing annual cost, seeks an order directing that these services be provided by the Niagara County Civil Service Commission at county expense. The school district, which was coterminous with the City of Lockport in 1950 and designated as a "city school district" (see Education Law, § 2, subd 16, par a, cl [1]), by 1957 was an enlarged city school district pursuant to the Education Law which included eight common school districts of towns adjoining the city; the city now comprises only 28% of the district's area. Plaintiff contends that, pursuant to subdivision 16 of section 2503 of the Education Law, its use of a municipal civil service commission is voluntary and that subdivision 2 of section 17 of the Civil Service Law, which mandates that a city civil service commission administer the needs of a city school district, does not apply to a school district which is noncoterminous with a city. Special Term granted summary judgment to defendants and dismissed the complaint, declaring that the Lockport City School District is under the civil service jurisdiction of the Lockport Municipal Civil Service Commission. We agree. Initially, the State Civil Service Department administered the Civil Service Act for all State school districts, "except a school district whose boundaries are coterminous with the city boundaries" (former Civil Service Law, § 11-a, subd 2). In 1958 the Civil Service Law was amended generally and recodified (L 1958, ch 790, eff April 1, 1959) with the result that the State retained jurisdiction over the administration of civil service in all State school districts except (1) city school districts whose boundaries were coterminous with city boundaries and (2) school districts whose boundaries were not coterminous with city boundaries but which were under the jurisdiction of a city civil service commission on April 1, 1959 (Civil Service Law, § 18). Thus, when the Lockport City School District was coterminous with the boundaries of the city it was a "city school district" and it was not subject to the jurisdiction of the State Civil Service Department. It did not become subject to the jurisdiction of the State in 1959 because at that time, although noncoterminous with city boundaries, it was under the jurisdiction of a city civil service commission. In 1960 section 17 of the Civil Service Law was amended to give county civil service commissions jurisdiction over the classified service of the county and the civil divisions therein including school districts, except cities which were operating under an optional form of local civil service administration (see Civil Service Law, § 15) and the school districts of such cities, and to give city civil service commissions jurisdiction over the classified service of such city including its school districts (L 1960, ch 1016, § 1). Section 18 of the Civil Service Law was then amended and renumbered to delete any reference to "school districts". These statutory amendments were designed to divest the State Civil Service Department of jurisdiction over all school districts and to place their administration in local hands (see Bill Jacket, L 1960, ch 1016). At no stage was the Lockport City School District subject to the jurisdiction of the Niagara County Civil Service Commission. It is statutorily defined as a "city school district" and even though it was noncoterminous with the city boundaries on April 1, 1959, it was served by the Lockport Municipal Civil Service

Commission which we hold is mandated to serve its civil service requirements. The clear intent of subdivision 2 of section 17 of the Civil Service Law is that a city civil service commission administer civil service for all "coterminous" city school districts and, at least, for all those "noncoterminous" school districts, such as plaintiff, which had been under the jurisdiction of a city civil service commission. Plaintiff's reliance upon subdivision 16 of section 2503 of the Education Law is unavailing. This subdivision, which empowers, but by its terms does not require a board of education to contract with a city for the use of its agencies, employees and facilities, was amended in 1958 to provide a formula to compute the amount to be paid by a city school district using the services of a city civil service commission (L 1958, ch 102). The bill stemmed from the efforts of the City of White Plains to obtain from the city school district in that city reimbursement for a share of the expenses of the city civil service commission and was designed merely to provide a formula for payment when the services were used (see Bill Jacket, L 1958, ch 102). In any event, the general provisions of this section must yield to the specific statutory provisions of section 17 of the Civil Service Law (see 56 NY Jur, Statutes, § 129). Finally, we note that Special Term's order did not declare the rights of the parties (see *Keleher v American Airlines* [Appeal No. 2], 91 AD2d 867). The order is, therefore, modified to provide that judgment be entered declaring that the Lockport City School District is under the civil service jurisdiction of the Lockport Municipal Civil Service Commission. (Appeal from order of Supreme Court, Niagara County, Sedita, J. — summary judgment.) Present — Dillon, P. J., Doerr, Denman, Moule and Schnepp, JJ.